## Smith v. Buffalo & Lake Erie Traction Company, Appellant.

*Negligence—Street railways—Automobiles—Head-on collision— Contributory negligence.*

In an action against a street railway company, to recover for injuries, sustained by a driver of an automobile in a collision with a trolley car, it appeared that the plaintiff in order to run around an automobile parked in the street, turned into the portion of the highway occupied by the tracks of the street car company, and before he had regained the part of the street beside the trolley track, the collision occurred. Evidence was produced to show that the plaintiff could have seen the street car, if he had looked, for a distance of nearly 200 feet and there was no evidence of the defendant's negligence. Under such circumstances, the case should have been withdrawn from the jury.

Argued April 12, 1920. Appeal, No. 3, April T., 1920, by defendant, from judgment of C. P. Erie County, May T., 1918, No. 222, on verdict for plaintiff in the case of Myer Smith v. Buffalo and Lake Erie Traction Company. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Trespass to recover damages for personal injuries. Before ROSSITER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $613.76 and judgment thereon. Defendant appealed.

*Error assigned*, among others, was refusal of defendant's motion for judgment non obstante veredicto.

*John B. Brooks,* and with him *Charles H. English* and
*Frank B. Quinn,* for appellant, cited: Speakman v.
Philadelphia & West Chester Traction Company, 42 Pa.
Superior Ct. 558; Smith v. Railway Co., 187 Pa. 451;
Moss et ux. v. Philadelphia Traction Co., 180 Pa. 389;
Harvey v. Philadelphia Rapid Transit Co., 255 Pa. 221;
Doyle v. Philadelphia Rapid Transit Co., 261 Pa. 248.

*William G. Crosby,* for appellee.

OPINION BY HEAD, J., July 14, 1920:

The plaintiff sought to recover damages for injuries to
his person and automobile resulting from a head-on col-
lision with a street car of the defendant company.   He
was driving his Ford machine eastward along Eight-
eenth street in the City of Erie during the late afternoon
while there was still daylight to enable him to see.   He
was driving in the block between Walnut and Chestnut
streets.   That block is six hundred and sixty feet in
length.   The street was paved and the single track of the
defendant company occupied its center leaving an open
roadway of about eleven feet on either side of the track.
When the plaintiff had passed over about two-thirds of
the block he testifies he saw the street car at a stop on
the east side of Chestnut street receiving and discharg-
ing passengers.   From that moment down until the in-
stant of the collision he could see the car all of the time.
There was no vehicle whatever on the north side of the
street car track.   The plaintiff states there was an auto-
mobile parked along the south side of Eighteenth street
somewhat ahead of him when he first saw it.   There was
no person in it.   In order to run around this stationary
car, as the plaintiff determined to do, it became neces-'
sary for him to drive out on a portion of the street be-'
tween the tracks of the street car company.   Before he
had regained his own side of the street south of the car
track, the collision occurred.   His own description of
the accident and the way it happened was in this lan-

guage: "There was an automobile on the south side; I had to pass by it. When I was going in I seen the street car on the corner. I thought I could make it. Before I got a chance to get out of the track the street car was on top of me, &c." His own evidence as to the effect of the collision upon his car appears from this question and answer: "Q. What did your automobile do when the street car hit it? A. Didn't do nothing. The street car pushed her back—I guess two or three feet or more."

Of course the plaintiff knew the street car had the superior right of way on its own tracks. That right was not an exclusive one but it was the primary duty of the plaintiff to so manage his car as not to unnecessarily impede the public travel or for his own convenience drive on to the track when it could not be reasonably anticipated he would do so. What then is the evidence to support a finding that the defendant company had been negligent? The burden of proving negligence was on the plaintiff. No question of notice arises in the case for the plaintiff himself testifies he could see the street car if he looked at it for a distance of perhaps two hundred feet. His testimony furnishes no evidence of any probative value that there was anything unusual in the speed of the car. He declares at one place, "It was going pretty speedy," at another place, "It was going four times as fast as I was going." This is absolutely every bit of the evidence he produces to support a verdict that the defendant's car was being operated negligently. When taken in connection with his own declaration as to the effect of the collision upon his own car, we regard it as entirely insufficient to support the judgment here appealed from. The one other witness called by the plaintiff, a man who was sitting in the seat beside him, gave no evidence at all as to the one question at issue in the case. He simply says he was paying no attention and did not see the street car at all until it was within fifteen or twenty feet of him. It thus appears the accident was one that could have been easily avoided by the plaintiff

by the exercise of ordinary care and he presents no case which would enable him to saddle the consequences of the collision upon the defendant company.

Judgment reversed.